## WEST *v.* ROUSSEAU.

Trespass for an assault and battery, the declaration containing only one count. Pleas, 1. Not guilty ; 2. *Son assault demesne.* The plaintiff new assigned. Plea, not guilty, to the new assignment. *Held*, that the plaintiff was not obliged to prove two trespasses ; but that it was sufficient for him to prove a trespass differing from that justified and agreeing with that described in the new assignment.

ERROR to the *Greene* Circuit Court.

SULLIVAN, J.—This was an action of trespass, assault and battery, brought by the plaintiff in error against the defendant. The declaration contains one count only. The defendant pleaded, 1st, not guilty; 2dly and 3dly, *son assault demesne.* The plaintiff, as to the assaults attempted to be justified in the 2d and 3d pleas, new assigned, alleging that it was not for the assault mentioned in either of those pleas that the suit was brought, but for another and different assault which was made upon him by the defendant, on, &c., at, &c. The defendant, to the trespass set forth in the new assignment, pleaded not guilty. The cause was tried by a jury. Verdict and judgment for the defendant.

The first question we have to consider is, whether the following instruction to the jury was correct, viz.: "That unless two assaults were proved, the peculiar state of the pleadings requires the jury to find the defendant not guilty."

The law of this case, we think, has been misconceived by the Circuit Court. There is but a single act of trespass complained of, although there were in fact, as the two special pleas and the new assignment show, three committed. Two of them are abandoned on the record; the other is insisted on in the new assignment, as the one for which this suit is brought. There being but one count in the declaration, it was necessary, under the circumstances, that the plaintiff should new assign. He was bound to prove, upon the trial, a different trespass from either of those stated and justified in the defendant's pleas, corresponding in every material fact to that set out in his new assignment; and this was all he was bound to prove. 2 Stark. Ev. 1141.— *Oakley* v. *Davis*, 16 East, 82. If there had been two counts, and the defendant, beside the general issue to the whole declaration, had pleaded a justification to one of the counts, and the plaintiff, as to the special plea, had new assigned, it would then have been necessary for the plaintiff to have proved two assaults beside that which he had waived, to have availed himself of the trespass in the count not justified; and the reason is, that the trespasses set out in the new assignment, and in the count not attempted to be justified, are distinct acts, and must necessarily, if the plaintiff seek to recover for both, be proved as they are alleged. *Atkinson* v. *Matteson*, 2 T. R. 172. The instruction of the Court therefore, under the circumstances of this case, was incorrect.

A question of variance is raised in this Court, but we think it is made too late. It should have been raised on the trial in the Court below. No error or misdirection of the Court is alleged as to that point.

*Per Curiam.*—The judgment is reversed with costs. Cause remanded, &c.

*J. S. Watts* and *H. L. Livingston*, for the plaintiff.

*S. Yandes*, for the defendant.